UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

- against -

OCTAVIOUS FAYTON,

Defendant.

Case No. 1:23-cr-00001 (JLR)

**OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

Defendant Octavious Fayton ("Defendant") is charged with two counts of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). *See* ECF No. 6 (the "Indictment"). The relevant allegations underpinning the Indictment are set forth in the Court's previous decision denying Defendant's motion to suppress the evidence of the firearm and ammunition. *See United States v. Fayton*, --- F. Supp. 3d ----, 2023 WL 6498874, at *1-3 (S.D.N.Y. Oct. 5, 2023); *see also United States v. Heicklen*, 858 F. Supp. 2d 256, 261 (S.D.N.Y. 2012) ("In considering a motion to dismiss, the Court relies on the Indictment and accepts the allegations of the Indictment as true.").

On October 30, 2023, Defendant moved to dismiss the Indictment under Federal Rule of Criminal Procedure 12(b) on the ground that Section 922(g)(1) is unconstitutional under the Second Amendment to the United States Constitution. ECF No. 28 ("Br."); *see* U.S. Const. amend. II ("A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed."). The Government filed its opposition brief on November 13, 2023. ECF No. 29 ("Opp."). Defendant filed his reply brief on November 20, 2023. ECF No. 30 ("Reply"). The Government filed a supplemental letter on November 21, 2023, correcting an error in footnote two of its opposition brief regarding Defendant's criminal history. ECF No. 31.

For the following reasons, Defendant's motion to dismiss is DENIED.[1]

## DISCUSSION

### I. Legal Background

In construing the Second Amendment, the Court does not write on a blank slate. Four decisions – *District of Columbia v. Heller*, 554 U.S. 570 (2008), *McDonald v. City of Chicago*, 561 U.S. 742 (2010), *United States v. Bogle*, 717 F.3d 281 (2d Cir. 2013) (per curiam), and *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111 (2022) – steer the analysis.

In 2008, the Supreme Court declared in *Heller* that the Second Amendment "protects the right of law-abiding, responsible citizens to use arms in defense of hearth and home." 554 U.S. at 635; *see also id.* at 592 ("Putting all of these textual elements together, we find that they guarantee the individual right to possess and carry weapons in case of confrontation. This meaning is strongly confirmed by the historical background of the Second Amendment."). The Court thus held that the District of Columbia's "ban on handgun possession in the home violate[d] the Second Amendment, as d[id] its prohibition against rendering any lawful firearm in the home operable for the purpose of immediate self-defense." *Id.* at 635. The Court cautioned, however, that "[l]ike most rights, the right secured by the

---

[1] Defendant requests oral argument. *See* Br. at 2-3. The Court declines to hold oral argument because the parties' briefing was sufficient and oral argument would not materially assist the Court. *See Dotson v. Griesa*, 398 F.3d 156, 159 (2d Cir. 2005) (A "district court acts well within its discretion in deciding dispositive motions on the parties' written submissions without oral argument.").

The Government also argues, as a preliminary matter, that Defendant's motion should be denied as untimely with respect to the April 24, 2023 deadline for pretrial motions. *See* Opp. at 4-5. The Court considered and rejected this argument at the status conference on October 16, 2023. Defendant has complied with the deadlines set by the Court at the October 16, 2023 conference for the briefing of this motion.

2

Second Amendment is not unlimited." *Id.* at 626.  It added that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms."  *Id.* at 626-27; *see id.* at 627 n.26 (describing these items as "presumptively lawful regulatory measures").

In 2010, the Supreme Court reaffirmed in *McDonald* that "the Second Amendment protects the right to keep and bear arms for the purpose of self-defense," and it held that this right "is fully applicable to the States."  561 U.S. at 749-50.  A plurality of the Court "repeat[ed] th[e] assurances" from *Heller* that its "holding did not cast doubt on such longstanding regulatory measures as prohibitions on the possession of firearms by felons and the mentally ill."  *Id.* at 786 (plurality opinion) (quotation marks and citation omitted).

Three years later in *Bogle*, the Second Circuit "address[ed] whether 18 U.S.C. § 922(g)(1) violates the Second Amendment."  717 F.3d at 281.  It noted that in both *Heller* and *McDonald*, "the Supreme Court clearly emphasized that recent developments in Second Amendment jurisprudence should not 'be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons.'"  *Id.* (quoting *Heller*, 554 U.S. at 626).  The Second Circuit "therefore join[ed] every other circuit to consider the issue in affirming that § 922(g)(1) is a constitutional restriction on the Second Amendment rights of convicted felons."  *Id.* at 281-82.

Most recently, in 2022, the Supreme Court in *Bruen* described *Heller* and *McDonald* as "recogniz[ing] that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun in the home for self-defense."  142 S. Ct. at 2122.  In turn, the Court held that "the Second and Fourteenth Amendments protect an

3

individual's right to carry a handgun for self-defense outside the home," and that New York's public-carry licensing scheme was unconstitutional.  *Id.*  The Court disapproved "applying means-end scrutiny in the Second Amendment context," stating instead that "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms."  *Id.* at 2127; *see also id.* at 2131 ("The test that we set forth in *Heller* and apply today requires courts to assess whether modern firearms regulations are consistent with the Second Amendment's text and historical understanding.").  In a concurrence, Justice Alito opined that *Bruen* "decide[d] nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun," and that nothing in *Bruen* "disturbed anything that [the Court] said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns."  *Id.* at 2157 (Alito, J., concurring).  Likewise, Justice Kavanaugh (joined by Chief Justice Roberts) "underscore[d] . . . the limits of the Court's decision" and expressed his view that, "[p]roperly interpreted, the Second Amendment allows a variety of gun regulations."  *Id.* at 2161-62 (Kavanaugh, J., concurring) (quotation marks and citation omitted).  Justice Kavanaugh approvingly quoted *Heller*'s enumeration of "presumptively lawful regulatory measures," including "prohibitions on the possession of firearms by felons."  *Id.* at 2162 (quoting *Heller*, 554 U.S. at 626-27, 627 n.26).  In dissent, Justice Breyer (joined by Justices Sotomayor and Kagan) stated that, "like Justice Kavanaugh, I understand the Court's opinion today to cast no doubt on that aspect of *Heller*'s holding" regarding presumptively lawful firearm regulations, including prohibitions on the possession of firearms by felons.  *Id.* at 2189 (Breyer, J.) (further capitalization omitted).

With these precedents in hand, the Court turns to the present case.

4

## II. The Nature of Defendant's Challenge

The first issue that the Court must resolve is whether Defendant raises a facial challenge or an as-applied challenge to Section 922(g)(1). "Normally, a [litigant] bringing a facial challenge must 'establish that no set of circumstances exists under which the [law] would be valid' or show that the law lacks 'a plainly legitimate sweep.'" *Ams. for Prosperity Found. v. Bonta*, 141 S. Ct. 2373, 2387 (2021) (second alteration in original) (first quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987); and then quoting *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008)). "An as-applied challenge, by contrast, 'requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right.'" *Picard v. Magliano*, 42 F.4th 89, 101 (2d Cir. 2022) (quoting *Field Day, LLC v. County of Suffolk*, 463 F.3d 167, 174 (2d Cir. 2006)).

In his opening brief, Defendant makes no argument that Section 922(g)(1) is unconstitutional as applied to him. *See generally* Br. The opening brief's sole mention of as-applied challenges is Defendant's parenthetical description of a district-court decision "holding § 922(g)(1) unconstitutional as applied to [a] defendant with prior aggravated assault and manslaughter convictions." *Id.* at 5 (citing *United States v. Bullock*, --- F. Supp. 3d ----, 2023 WL 4232309, at *31 (S.D. Miss. June 28, 2023)). In its opposition brief, the Government makes various arguments "to the extent the defendant raises an as-applied challenge." Opp. at 4. In reply, Defendant summarily states in the introduction and conclusion of his reply brief that he is challenging Section 922(g)(1) "as unconstitutional both facially and as applied to him," but he offers no as-applied-specific arguments and does not refute the arguments made by the Government, other than to point out that his criminal history is more limited than the Government represented. Reply at 1, 13, 15.

5

Defendant's brief reference to an as-applied challenge in his reply brief is insufficient. "Arguments made for the first time in a reply brief need not be considered by a court." *Playboy Enters., Inc. v. Dumas*, 960 F. Supp. 710, 720 n.7 (S.D.N.Y. 1997) (collecting cases), *aff'd*, 159 F.3d 1347 (tbl.), 1998 WL 398795 (2d Cir. 1998) (summary order); *accord City of Long Beach v. Total Gas & Power N. Am., Inc.*, 465 F. Supp. 3d 416, 447 n.162 (S.D.N.Y. 2020) ("Issues raised for the first time in a reply brief are generally deemed waived." (quoting *Conn. Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010))), *aff'd*, No. 20-2020, 2021 WL 5754295 (2d Cir. Dec. 3, 2021) (summary order). And a party may be deemed to have waived an argument through inadequate briefing, such as a perfunctory one-sentence argument. *See United States v. Malka*, 602 F. Supp. 3d 510, 529 (S.D.N.Y. 2022) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (brackets omitted) (quoting *United States v. Botti*, 711 F.3d 299, 313 (2d Cir. 2013))); *Wood v. Maguire Auto., LLC*, 508 F. App'x 65, 66 (2d Cir. 2013) (summary order) (argument that "appear[ed] in only one sentence of [litigant's] brief" was "inadequately argued and thus waived"). Here, Defendant's brief mention of an as-applied challenge, without any supporting argument, is both tardy and unsubstantiated, so the Court deems it waived. Thus, the Court will focus its analysis on Defendant's facial challenge to Section 922(g)(1) that was briefed.

### III.  *Bogle* and *Bruen*

*Bogle* controls the outcome here. Generally, a published decision by the Second Circuit binds future panels and district courts within the Circuit unless the decision is overruled by the *en banc* Second Circuit or by the Supreme Court. *See United States v. Afriyie*, 27 F.4th 161, 168 (2d Cir. 2022); *United States v. Diaz*, 122 F. Supp. 3d 165, 179 (S.D.N.Y. 2015), *aff'd*, 854 F.3d 197 (2d Cir. 2017). To be sure, this rule does not apply

6

"when an intervening Supreme Court decision casts doubt on [a] controlling [Second Circuit] precedent." *Afriyie*, 27 F.4th at 168 (ellipsis, quotation marks, and citation omitted). But the intervening-decision exception is confined to situations where there is a "conflict, incompatibility, or inconsistency between this Circuit's precedent and the intervening Supreme Court decision." *Id.* (quoting *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 155 (2d Cir. 2015)). There is no such basis for disregarding *Bogle* here.

Defendant argues that *Bruen* deprives *Bogle* of precedential value. According to Defendant, the Government "fails to actually engage with *Bruen*," Reply at 3, and "simply ignores that *Bruen* changed the analysis" that applies under the Second Amendment, *id.* at 4. Defendant maligns *Bogle* as "a pre-*Bruen*, eight-sentence, per curiam Second Circuit decision" that relied on "dicta from *Heller* and *McDonald*" without "conduct[ing] the historical analysis that the Supreme Court stated in *Bruen* was necessary." *Id.* Defendant faults the Government for "attempt[ing] to elevate dicta in *Heller* and *McDonald* into precedent." *Id.* at 5. Defendant also argues that a "*Bruen* argument simply did not exist yet" at the time *Bogle* was decided, *id.* at 4, so *Bogle* "is not a binding precedent on that point," *id.* (brackets omitted) (quoting *United States v. L.A. Tucker Truck Lines*, 344 U.S. 33, 38 (1952)).

The Court is not persuaded. As an initial matter, Defendant cites no authority suggesting that a published Second Circuit decision is any less binding by virtue of its brevity or per curiam authorship. *See, e.g.*, *Johnson v. Harder*, 512 F.2d 1188, 1189 (2d Cir. 1975) (per curiam) ("This case was affirmed in open court. *In order to afford our decision precedential value*, however, and conclusively to resolve this issue within our circuit, *we issue this brief per curiam*." (footnote omitted; emphases added)). As for *Heller*, *McDonald*, and *Bruen*'s carve-outs of felon-in-possession laws, even if they are dicta, federal courts "have an obligation to accord great deference to Supreme Court dicta." *Clemente v. Lee*, 72 F.4th 466,

7

474 (2d Cir. 2023) (emphasis omitted) (quoting *Newdow v. Peterson*, 753 F.3d 105, 108 n.3 (2d Cir. 2014) (per curiam)); *accord Cornwell v. Credit Suisse Grp.*, 729 F. Supp. 2d 620, 625 (S.D.N.Y. 2010) ("Appellate guidance is not valueless because it is dictum." (quoting *Columbia Broad. Sys. v. Am. Soc'y of Composers, Authors & Publishers*, 620 F.2d 930, 935 (2d Cir. 1980))). In any event, Defendant's argument that the law-abiding language in *Heller*, *McDonald*, and *Bruen* is dicta is a red herring because "the Second Circuit in *Bogle* adopted the 'dicta' in *Heller* and *McDonald* as binding precedent." *United States v. Mitchell*, No. 23-cr-00198 (ALC), 2023 WL 8006344, at *2 (S.D.N.Y. Nov. 17, 2023) (brackets, further quotation marks, and citation omitted). Finally, the Court is skeptical that a text-and-history argument along the lines of *Bruen* "did not exist yet" when *Bogle* was decided. Reply at 4. After all, the *Heller* majority dedicated over 40 pages to extensively analyzing the text and history of the Second Amendment. *See* 554 U.S. at 576-619; *see also id.* at 595 ("There seems to us no doubt, *on the basis of both text and history*, that the Second Amendment conferred an individual right to keep and bear arms." (emphasis added)); *Bruen*, 142 S. Ct. at 2128-29 ("*Heller*'s methodology centered on constitutional text and history.").

The proper question is whether there is a "conflict, incompatibility, or inconsistency" between *Bogle* and *Bruen*. *Afriyie*, 27 F.4th at 168 (citation omitted). The answer to that question is no. Significantly, *Bogle* did not employ the means-end scrutiny disapproved by *Bruen*. This is in contrast to other circuits that did rely on means-end scrutiny in their pre-*Bruen* decisions upholding the constitutionality of Section 922(g)(1). *See, e.g.*, *Atkinson v. Garland*, 70 F.4th 1018, 1022 (7th Cir. 2023) (discussing *Kanter v. Barr*, 919 F.3d 437 (7th Cir. 2019)); *Range v. Att'y Gen. U.S.*, 69 F.4th 96, 100-01 (3d Cir. 2023) (en banc) (discussing *Binderup v. Att'y Gen. U.S.*, 836 F.3d 336 (3d Cir. 2016) (en banc)). "Rather, the Second Circuit reasoned purely from language in *Heller* and *McDonald* expressly affirming

8

'longstanding prohibitions on the possession of firearms by felons.'" *United States v. Hampton*, --- F. Supp. 3d ----, 2023 WL 3934546, at *12 (S.D.N.Y. June 9, 2023) (quoting *Bogle*, 717 F.3d at 281).

*Bruen* did not call these longstanding prohibitions into question; if anything, it signaled further support of them. "Although the Supreme Court's majority opinion in *Bruen* did not directly address whether that decision would have any impact on felon-in-possession laws, it repeatedly characterized the Supreme Court's Second Amendment jurisprudence as providing 'law-abiding' citizens with the right to possess handguns." *United States v. Garlick*, No. 22-cv-00540 (VEC), 2023 WL 2575664, at *4 (S.D.N.Y. Mar. 20, 2023) (quoting *Bruen*, 142 S. Ct. at 2122, 2131, 2133-34, 2138, 2150, 2156). And six Justices (including five current members of the Court) stressed that *Bruen*, like *Heller* and *McDonald*, did not disturb the constitutionality of felon-in-possession laws. *See* 142 S. Ct. at 2157 (Alito, J., concurring); *id.* at 2161-62 (Kavanaugh, J., joined by Roberts, C.J., concurring); *id.* at 2189 (Breyer, J., joined by Sotomayor & Kagan, JJ., dissenting). Thus, *Bruen* does not disturb *Bogle*'s reliance on the statements in *Heller* and *McDonald*.

In reaching this conclusion, the Court is aligned with every other Judge in this District who has written on this issue and concluded that *Bogle* survives *Bruen*. *See Mitchell*, 2023 WL 8006344, at *2; *United States v. Ford*, No. 23-cr-00107 (LGS), 2023 WL 7131742, at *2 (S.D.N.Y. Oct. 30, 2023); *United States v. Nelson*, No. 22-cr-00436 (JGK), 2023 WL 6520378, at *2-3 (S.D.N.Y. Oct. 4, 2023); *United States v. Craft*, No. 23-cr-00178 (PMH), 2023 WL 6215326, at *3 (S.D.N.Y. Sept. 25, 2023); *United States v. Davila*, --- F. Supp. 3d ----, 2023 WL 5361799, at *2 (S.D.N.Y. Aug. 22, 2023); *Hampton*, 2023 WL 3934546, at *12-13; *Garlick*, 2023 WL 2575664, at *5; *United States v. Barnes*, No. 22-cr-00043 (JPO),

2023 WL 2268129, at *2 (S.D.N.Y. Feb. 28, 2023); *United States v. King*, 634 F. Supp. 3d 76, 83 (S.D.N.Y. 2022).

Defendant has cited no in-District (or even in-Circuit) decision to the contrary. Instead, Defendant asks this Court to follow a selection of out-of-circuit decisions. *See* Reply at 4 (citing *Range*, 69 F.4th 96; *United States v. Rahimi*, 61 F.4th 443 (5th Cir.), *cert. granted*, 143 S. Ct. 2688 (2023); *Bullock*, 2023 WL 4232309; *United States v. Prince*, No. 23-cr-00240, 2023 WL 7220127 (N.D. Ill. Nov. 2, 2023)). But the Court "may not choose to follow the precedent set forth by some other circuit court of appeals which conflicts with a direct ruling by the Second Circuit." *Christ the King Reg'l High Sch. v. Culvert*, 644 F. Supp. 1490, 1496-97 (S.D.N.Y. 1986), *aff'd*, 815 F.2d 219 (2d Cir. 1987); *accord United States v. Robinson*, No. 16-cr-00545 (ADS), 2019 WL 5864135, at *5 (E.D.N.Y. Nov. 8, 2019) ("Even if the Court found those [out-of-circuit] cases persuasive, . . . the Court is in no position to ignore an explicit ruling of the Second Circuit."). Even if the Court could consider out-of-circuit precedent, the Court finds more persuasive those decisions adhering to pre-*Bruen* precedents that relied on the same language in *Heller* and *McDonald* as *Bogle*. *See, e.g.*, *Vincent v. Garland*, 80 F.4th 1197, 1199 (10th Cir. 2023) (discussing *United States v. McCane*, 573 F.3d 1037 (10th Cir. 2009)); *United States v. Gleaves*, 654 F. Supp. 3d 646, 651 (M.D. Tenn. 2023) (discussing *United States v. Carey*, 602 F.3d 738 (6th Cir. 2010)); *United States v. Riley*, 635 F. Supp. 3d 411, 424 (E.D. Va. 2022) (discussing *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012)); *see also United States v. Jackson*, 69 F.4th 495, 505-06 (8th Cir. 2023) ("Consistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons, we conclude that [Section 922(g)(1)] is constitutional as applied to Jackson.").

In sum, nothing in *Bruen* is conflicting, incompatible, or inconsistent with anything in *Bogle*. *See Afriyie*, 27 F.4th at 168. Thus, binding Second Circuit precedent in *Bogle* requires that the Court deny Defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

Dated: November 30, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge